UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WALTER KENNEDY DENNIS,

    Petitioner,

  v.

J. UTTECHT,

    Respondent.

Case No. C06-5575RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**January 12, 2007**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

### **INTRODUCTION AND SUMMARY CONCLUSION**

    Petitioner challenges his 1992 Grays Harbor County exceptional sentence for one count of second degree rape. Having reviewed the petition the court concludes this habeas petition is

REPORT AND RECOMMENDATION- 1

procedurally barred, time barred, and without merit because the case relied on does not apply retroactively. Accordingly the petition should be **DISMISSED WITH PREJUDICE PRIOR TO SERVICE.**

PROCEDURAL HISTORY

In 1992 petitioner pled guilty to second degree rape and received an exceptional sentence of 240 months. (Dkt. # 4). Petitioner appealed his conviction and sentence December 23, 1993 (Dkt. # 4 page 3). His appeal was denied by the Washington State Court of Appeals on March 15, 1994 (Dkt. # 4, page 3). Petitioner did not seek review in the Washington State Supreme Court and his direct appeal did not exhaust any issue.

Over ten years later, after the Supreme Court decided Blakely v Washington, 542 U. S. 296 (2004), petitioner filed a personal restraint petition with the Washington State Court of Appeals. (Dkt. # 4, page 3 and 4). The state personal petition was dismissed on February 14, 2006 for two reasons. The first reason is that the petition is time barred under Washington law RCW 10.73.090. The second reason is because the Washington Supreme Court held Blakely does not apply retroactively. Petitioner has included a copy of the Washington Court of Appeals decision with his petition (Dkt. # 4, pages 17 and 18).

Petitioner sought review of the decision denying his untimely personal restraint petition in the Washington State Supreme Court and review was denied because the petition was time barred under Washington State law RCW 10.73.090 (Dkt. # 4, page 3).

This petition followed and the only issue raised is the Blakely Sixth Amendment argument that aggravating circumstances had to be found by a jury (Dkt. # 4).

EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish

REPORT AND RECOMMENDATION- 2

by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law.  Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Given a plea of guilty, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d).  A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

A.   Exhaustion.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

REPORT AND RECOMMENDATION- 3

1  Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  A federal habeas petitioner must provide the state
2  courts with a fair opportunity to correct alleged violations of prisoners' federal rights.  Duncan v.
3  Henry, 513 U.S. 364 (1995).  It is not enough that all the facts necessary to support the federal claim
4  were before the state courts or that a somewhat similar state law claim was made.  Id, *citing* Picard
5  v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

6        Petitioners' sentencing issue was not presented to the Washington State Court of Appeals on
7  direct appeal.  Further, no motion for discretionary review was filed from the direct appeal. (Dkt. #
8  4). This issue was not unexhausted.  Petitioner is now precluded form returning to state court for a
9  collateral challenge as it has been more than one year since his criminal conviction became final.  See,
10 RCW 10.73.090.  The Washington Courts specifically denied petitioner's attempt to file a collateral
11 challenge and found his petition was time barred under Washington law.

12       B.     Procedural Bar.

13       Normally, a federal court faced with an unexhausted or mixed petition dismisses the petition
14 without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court.
15 Here, however, petitioner is barred from filing another petition in state court as any attempt to file
16 another petition will be deemed time barred. See, RCW10.73.090.

17       Federal Courts generally honor state procedural bars unless it would result in a "fundamental
18 miscarriage of justice" or, petitioner demonstrates cause and prejudice.  Coleman v. Thompson, 501
19 U.S. 722, 750 (1991).  Petitioner here cannot show cause and prejudice.  He simply did not submit
20 his sentencing issue on direct appeal and has not filed a timely collateral challenge.

21       To show cause in federal court, petitioner must show that some objective factor external to
22 the defense prevented petitioner from complying with state procedural rules relating to the
23 presentation of his claims. McCleskey v. Want, 499 U.S. 467, 493-94 (1991). Petitioner cannot show
24 cause that excuses his procedural default in state court.  Accordingly, the petition, is
25 **PROCEDURALLY DEFAULTED AND SHOULD NOT BE CONSIDERED.**

26       C.     Time bar under federal law.

27       28 U.S.C. § 2244(d) provides as follows:

28 REPORT AND RECOMMENDATION- 4

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The state direct appeal process was concluded March 15, 1994 when petitioner's direct appeal was denied (Dkt. # 4) Nearly ten years elapsed without any challenge to the conviction or sentence being filed. This petition is time barred and should be **DISMISSED WITH PREJUDICE.**

    D.    <u>On the merits</u>.

This court is not aware of any retroactive application of the <u>Blakely</u> decision. The Washington State Supreme Court has held the <u>Blakely</u> decision does not apply retroactively. <u>State v Evans</u>, 154 Wn.2d 438 (2005). The decision of the Washington Court of Appeals is not contrary to, and does not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor does the decision of the state court result in a decision based on an unreasonable determination of the facts in light of the evidence presented to the state courts. The petition is without merit and should be **DISMISSED.**

CONCLUSION

This petition is procedurally barred, time barred and without merit. It should be **DISMISSED WITH PREJUDICE prior to service.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION- 5

appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 12, 2007** as noted in the caption.

    Dated this 14 day of December, 2006.

                                                        */S/ J. Kelley Arnold*
                                                        J. Kelley Arnold
                                                        United States Magistrate Judge

REPORT AND RECOMMENDATION- 6